THE CITY OF DAYTON, APPELLEE, *v.* BODDIE, APPELLANT.

(No. 8733—Decided July 6, 1984.)

*Paul A. Folfas,* prosecuting attorney, and *Robert A. Burke,* for appellee.

*George E. Zimmerman,* for appellant.

MCBRIDE, J. The appellant, Robert H. Boddie, entered a plea of no contest and was found guilty of improperly handling a firearm in a motor vehicle and was sentenced under Section 138.04(B) of the ordinances of the city of Dayton. Ten months later he filed a motion for an order for the return of the firearm that was held by the police since the time of his arrest. The municipal court summarily denied the motion because the gun was "the subject of the offense with which he was charged" and it was unlawful for him to possess it under R.C. 2933.41, citing *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23 [24 O.O.3d 64].

Appellant lists two assignments of error:

"1. The trial court erred in refusing to grant defendant's motion for the return of his firearm.

"2. The trial court erred in ruling that since it was unlawful for the defendant to possess his gun under the circumstances that it had been confiscated, that it was also unlawful for him to possess it thereafter."

Both parties combined their arguments on the assignments of error, a method that is accepted by the court.

There is no record on this appeal other than the transcript of the docket entries. There is no transcript of the testimony on the no contest plea and no suggestion of a hearing on the motion for return of the weapon. The bare record before this court is that the defendant was convicted for improperly handling a firearm in a motor vehicle and his property confiscated on motion.

The information argued here and in the trial court that the weapon was registered, that appellant was authorized to possess and carry it in a taxicab when he was so employed and that he had temporarily placed it inside his own vehicle rather than locked in the trunk because the trunk leaked is not available on this appeal because of the lack of a record.

This points up the first point decided in the opinion in *State* v. *Lilliock, supra,* paragraphs two and three of the syllabus, upon which both parties rely:

"2. Proceedings under R.C. 2933.41 are criminal in nature but civil in form.

"3. Due process requires that proceeding seeking disposition of property used in an unlawful manner, but not in itself unlawful, must comply with the Rules of Civil Procedure."

In *Lilliock*, there was an adversary hearing, fully briefed by the parties on the disposition proceedings as required by the Civil Rules. *Lilliock, supra,* at 28. In the instant case, the order of the trial court was issued on motion and a brief in opposition. There was no constitutionally mandated hearing on the confiscation of his property. Consequently, the order of the trial court was in error.

The appellee's argument that laches applies to the motion for return of the weapon has no application to this case. The issue was not involved at the time of the disposition of the criminal charge. Raising the disposition of the weapon issue is proper only after the criminal case was closed and any further use of the weapon as evidence was over. Doing so within less than a year is within an appropriate time and is not considered as laches by the appellant.

More difficult is the question whether under the circumstances argued by counsel, but not before this court from a hearing on the matter, the mishandling of a firearm is in itself sufficient to justify its confiscation under R.C. 2933.41. The appellee argued on the basis of subdivision (C)(1). The appellee relied upon subdivision (C)(2) as part of the two-fold test described in *Lilliock, supra.* Division (C) provides:

"A person loses any right he may have to possession of property:

"(1) That was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense;

"(2) When, in light of the nature of the property or the *circumstances of such person, it is unlawful for him to acquire or possess it.*" (Emphasis added.)

There is no doubt that under the mishandling of a weapon charge, the subject weapon was used in the commission of the offense. However, the second subdivision relates to a test other than the commission of the offense and must be considered in the conjunctive. This second test refers only to (a) the nature of property which is unlawful to acquire or possess, or (b) the *circumstances of the person* which personal circumstances make it unlawful for him to acquire or possess it. As the Supreme Court indicated in *Lilliock, supra,* division (C) contains a two-part test requiring that both elements be present before a person forfeits his right to possession.

There is no law making every weapon a contraband, possession of which is *per se* illegal. There are laws that under certain conditions possession of property such as drugs or firearms are illegal. These are personal conditions or personal circumstances incidental to the subject possessed irrespective of its use. For example, acquisition and possession of a firearm are denied to persons who have been convicted of specific crimes of violence. This is what is intended in the second test in R.C. 2933.41(C)(2). It is the circumstances of the person that converts an otherwise lawful possession into one that casts the penalty of forfeiture upon either its acquisition or possession.

The trial court was in error when it construed the circumstances of the commission of the offense as applying to both parts of division (C). In doing so it ignored the plain language of the second prong that the nature of the property (not illegal *per se*) or the circumstances of the person (under a firearm restriction) must make it unlawful for such person to acquire or possess it.

212

Forfeiture of the right to property is not favored in the law and requires the clearest expression of the legislature to sustain its application. Such strict construction is not necessary in this case where the legislature has imposed two conditions upon the loss of the right of ownership and possession. Each legislative condition must be found to be present before the subject property may be confiscated. Ignoring either of the two separate conditions constitutes error. Read together, subdivisions (C)(1) and (C)(2) of R.C. 2933.41 mean the property must not only be used in the commission of an offense, but it must also be unlawful for the offender to possess the property. *Lilliock, supra,* at 26.

For the above reasons, the assignments of error are sustained and the judgment of the trial court will be reversed and the cause remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

BROGAN, P.J., and WEBER, J., concur.

McBRIDE, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.