[Cite as *In re Forfeiture of Property of Rhodes*, 2013-Ohio-3046.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

IN RE: FORFEITURE OF PROPERTY     :
OF BROOKES C. RHODES, et al.

:         C.A. CASE NO.    25464

:         T.C. NO.    12CV3732

:         (Civil appeal from
                  Common Pleas Court)

:

:

· · · · · · · · · ·

**O P I N I O N**

Rendered on the     12th     day of       July      , 2013.

· · · · · · · · · ·

LAURA G. MARIANI, Atty. Reg. No. 0063204, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Appellee State of Ohio

JIMMIE CHRISTON, Atty. Reg. No. 0038116, 131 N. Ludlow Street, Suite 212, Dayton, Ohio 45402
        Attorney for Appellant Diana L. Ankeny

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}    Defendant-appellant Diana Ankeny appeals a decision of the Montgomery County Court of Common Pleas which granted default judgment against her on a civil petition to forfeit property pursuant to R.C. 2981.05.   The civil forfeiture petition was filed by the State of Ohio on May 22, 2012, against Ankeny and six others.   The specific property that was forfeited by Ankeny was a 2000 Jaguar sedan titled in her name but seized from defendant Brookes Rhodes.   The State made two attempts at certified service of the forfeiture petition on Ankeny on May 22, 2012, and July 13, 2012.   Both attempts at certified service were unsuccessful.   The record establishes, however, that Ankeny was successfully served with the petition by regular mail on August 24, 2012.   Ankeny failed to file any responsive pleadings challenging the forfeiture petition, and the trial court granted default judgment against her on October 11, 2012.   Ankeny filed a timely notice of appeal with this Court on November 9, 2012.

{¶ 2}    Ankeny's sole assignment of error is as follows:

{¶ 3}    "APPELLANT'S COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO PROPERLY REPRESENT SAID APPELLANT IN THE INSTANT MATTER, BY FAILING TO NOTIFY APPELLANT OF HEARINGS, AND FAILING TO FILE THE APPROPRIATE DOCUMENTS IN THIS QUASI-CRIMINAL PROCEEDINGS."

{¶ 4}    In her sole assignment, Ankeny contends that she was denied effective assistance of counsel when her retained attorney failed to file an answer to the State's forfeiture petition, resulting in a default judgment against her and the forfeiture of her automobile.

{¶ 5}    Initially, we note that Ankeny asserts that on May 24, 2012, two days after the State filed the petition for forfeiture of the Jaguar sedan, she and Rhodes retained the

services of Attorney John Scaccia to represent her in the underlying proceedings. In support of her assertion, Ankeny attached a copy of an employment and fee agreement in an apparent effort to establish that her retained counsel was ineffective because he failed to file any responsive pleadings on her behalf. We note that the purported fee agreement is not part of the trial court's record. This Court cannot consider affidavits and other matters attached for the first time to an appellate brief which were not properly certified as part of the trial court's original record and submitted to the court of appeals. *Matter of Hill*, 2d Dist. Champaign No. 96-CA-8, 1996 WL 629539 (November 1, 1996), citing *Isbell v. Kaiser Foundation Health Plan*, 85 Ohio App. 3d. 313, 318, 619 N.E.2d 1055, 1058 (8th Dist.1993); App. R. 9(A). Thus, we cannot consider the purported fee agreement attached to Ankeny's brief for any purpose.[1]

{¶ 6} In Ohio, forfeitures are typically not favored in law or in equity. *State v. Lilliock*, 70 Ohio St.2d 23, 25, 434 N.E.2d 723 (1982). Whenever possible, such statutes must be construed as to avoid forfeiture of property. *Id*. at 26. The Supreme Court of Ohio has cautioned that forfeiture may not be ordered "unless the expression of the law is clear and the intent of the legislature manifest." *Id*.; see *Dayton v. Boddie*, 19 Ohio App.3d 210, 484 N.E.2d 171 (2d Dist.1984).

{¶ 7} The civil forfeiture proceedings in this case are governed by R.C. Chapter 2981, effective July 1, 2007. *See* 2006 Sub.H.B. No. 241. Generally, the new chapter unified and expanded former specific forfeiture provisions. Katz, Martin, Lipton and Crocker,

---

[1]We also note that the trial court record does not contain a notice of appearance by Attorney Scaccia on Ankeny's behalf.

*Baldwin's Ohio Prac.Crim. L.,* Section 129:1 (2011). The legislature sought _to balance punitive and remedial policies with the imperative of limiting the state's exercise of police power in derogation of private property rights._ *Id.* at Section 129:2. *See also* R.C. 2981.01(A)(1)-(4).

{¶ 8}     The new chapter authorizes the state to obtain a forfeiture order in a criminal proceeding, described in R.C. 2981.04, or in a separate civil forfeiture proceeding, described in R.C.2981.05. To that end, R.C. 2981.05(A) allows a prosecutor to file a civil complaint requesting the forfeiture of property that is located within the jurisdiction of the prosecutor's political subdivision and that is alleged to be connected to an offense as contraband, proceeds, or an instrumentality, as defined in R.C. 2981.02. The state or political subdivision acquires provisional title to property subject to forfeiture upon the commission of the offense. R.C. 2981.03.   This case involves property alleged to be "[a]n instrumentality that is used in or intended to be used in the commission *** of [a] felony."   R.C. 2981.02(A)(3)(a).

{¶ 9}     In a civil forfeiture proceeding brought under R.C. 2981.05, the prosecutor must prove by a preponderance of the evidence that the property is subject to forfeiture because the property meets the definition of contraband, proceeds, or an instrumentality. See R.C. 2981.05(D). The trial court _shall issue_ a civil forfeiture order if the court determines that the prosecutor has met his burden under the statute and a finding is made, when required, that forfeiture is not disproportionate to the severity of the offense. *Id.*

{¶ 10}   The forfeiture statutes provide procedures for _a person with an interest in the property subject to forfeiture_ to petition for release of the property at various times

during the civil forfeiture proceedings. See R.C. 2981.05(C) and R.C. 2981.03. And the prosecutor is required to attempt to identify _any person with an interest in the property subject to forfeiture_ before or upon filing the civil action and to serve such individuals with notice of the action and the complaint. R.C. 2981.05(B). The prosecutor must also publish a notice of the action as provided by statute. R.C. 2981.05(B).

{¶ 11} A criminal proceeding and a forfeiture proceeding are separate and distinct events. R.C. 2981.04(B); *State v. Watkins*, 7th Dist. Jefferson No. 07 JE 54, 2008-Ohio-6634. A forfeiture action, while instituted as a criminal penalty, is a civil proceeding. *Id*. at ¶ 31. It is a well-settled legal principle that there is no right to counsel in a civil action. "Intermediate appellate courts, including our own, *** have found no constitutional right to representation in cases involving civil litigants." *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, at ¶ 20. We note that the Eleventh District Court of Appeals has held that there is no right to counsel in forfeiture cases, whether they be criminal or civil in nature. *State v. Meeks*, 11th Dist. Lake No. 2011-L-066, 2012-Ohio-4098.[2]

> Obviously, when a criminal defendant is subject to a forfeiture proceeding
>
> under R.C. 2981.04, the sole possible sanction is the state's confiscation of
>
> property or contraband. In other words, a forfeiture proceeding cannot result
>
> in the imposition of an additional term of actual incarceration. Thus, the

---

[2]It is also important to note that the Sixth Circuit Court of Appeals has "unequivocally held *** that there is no Sixth Amendment right to counsel in a civil forfeiture proceeding." *U.S. v. Real Property Known and Numbered as 415 East Mitchell Ave., Cincinnati, Ohio*, 149 F.3d 472 (6th Cir.1998).

foregoing case law dictates that, even though the forfeiture hearing in the underlying action was criminal in nature, appellant was not constitutionally entitled to be represented by an attorney during that aspect of her criminal prosecution.

*Id.* at ¶ 51.

**{¶ 12}** Accordingly, when a defendant does not have a constitutional right to counsel for purposes of a forfeiture hearing, the defendant has no separate constitutional right to *effective assistance of counsel. Wainwright v. Torna*, 455 U.S. 586, 587-588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). "The logical foundation for this holding is that there can be no separate constitutional right to effective assistance of counsel when the basic right to counsel has not attached." *Meeks*, 2012-Ohio-4098, at ¶ 52.

**{¶ 13}** In the instant case, Ankeny was named in a petition for civil forfeiture filed by the State. It follows, therefore, that Ankeny cannot now assert ineffective assistance of counsel when she had no constitutional right to counsel in the first place. We note that Ankeny was not accused of any crime as a result of being named in the forfeiture petition. Ankeny was named in the forfeiture petition only because she was the titled owner of the vehicle allegedly used by Rhodes to commit drug related offenses. Ankeny was named in the petition as the titled owner with an interest in the seized property, and this status does not create a right to counsel in a civil forfeiture.

**{¶ 14}** Upon review, we conclude that the trial court did not err when it granted default judgment against Ankeny upon her failure to file a responsive pleading to the civil forfeiture petition filed by the State. Additionally, because she was named in a civil

forfeiture petition, Ankeny had no constitutional right to counsel. Thus, she cannot argue that she received ineffective assistance of counsel. Civil relief may be available through an action for malpractice, if in fact counsel accepted a retainer; however, Ankeny's failure to plead or otherwise defend against the forfeiture requires an affirmance of the order of forfeiture.

{¶ 15}   Ankeny's sole assignment of error is overruled.

{¶ 16}   Ankeny's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Laura G. Mariani
Jimmie Christon
Hon. Dennis J. Langer