[Cite as *State v. Forney*, 2013-Ohio-3458.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-36 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-92 |
| v. | : | |
| | : | |
| KANDIS J. FORNEY | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of August, 2013.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JANE A. NAPIER, Atty. Reg. #0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. #0080334, 2600 Far Hills Avenue, Suite 315, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Kandis Forney appeals from her conviction and sentence for

Failure to Report a Crime, Complicity to Tampering with Evidence, and Obstructing Justice. She contends that the trial court erred by failing to merge the convictions of Complicity to Tampering with Evidence and Obstructing Justice for purposes of sentencing. She further contends that the trial court erred by sentencing her to consecutive sentences on those counts. Forney also claims that the trial court did not follow the proper statutory procedure regarding the forfeiture of her vehicle. Finally, she contends that the trial court improperly imposed a term of mandatory post-release control.

{¶ 2} We conclude that the offenses of Complicity to Tampering with Evidence and Obstructing Justice of which Forney was convicted are not allied offenses of similar import, because each involved a separate animus. We further conclude that the trial court followed the applicable law and did not abuse its discretion with regard to sentencing. The forfeiture of Forney's vehicle was not error. Finally, we conclude that the trial court did not improperly impose post-release control. Accordingly, the judgment of the trial court is Affirmed.

## I. Forney's Involvement in the Events Following the Murder of Jessica Sacco

{¶ 3} Jessica was residing in Urbana with Matthew Puccio. Forney and her husband, Andrew Forney, began living with Sacco and Puccio in November 2011.

{¶ 4} During the early morning hours of March 22, 2012, Sacco was stabbed in the abdomen by Matthew Puccio. Forney was aware of the stabbing. Sacco did not die from the stab wound. Some time later, Puccio suffocated Sacco by placing a plastic bag over her head. After Sacco died, Puccio, Andrew Forney and Christopher Wright proceeded to dismember Sacco's body in the bathroom of the residence. Thereafter, the Forneys used their vehicle to

transport Puccio and the dismembered body parts, which were placed in plastic bags, to Wright's home in Hamilton, Ohio. Puccio spent the night in Wright's house, while the Forneys slept in their van with the body parts. At some point, Puccio discarded the body parts. Eventually the parties were apprehended.

## II.   The Course of Proceedings

{¶ 5}   Forney was indicted on two counts of Failure to Report a Crime, two counts of Possession of Criminal Tools, one count of Complicity to Tampering with Evidence and two counts of Obstructing Justice. The Complicity to Tampering and Obstructing Justice counts carried forfeiture specifications regarding Forney's vehicle, which was used to transport the body parts. Pursuant to a plea agreement, Forney pled guilty to two counts of Failure to Report a Crime, and one count each of Complicity to Tampering with Evidence and Obstructing Justice. The remaining charges were dismissed.

{¶ 6}   The trial court sentenced Forney to 30 days in jail on each of the convictions for Failure to Report a Crime, a prison term of 36 months for Obstructing Justice, and a prison term of 36 months for Complicity to Tampering with Evidence. The trial court ordered that the prison terms for Obstructing Justice and Complicity to Tampering with Evidence be served consecutively, with the other two counts running concurrently to each other and to the prison terms. The trial court also entered an order of forfeiture of Forney's vehicle. From her conviction and sentence, Forney appeals.

## III.   Because Forney's Complicity to Tampering with Evidence

**Conviction Related to the Disposal of the Murder Victim's Body, and**

**her Obstruction of Justice Conviction Involved her Aiding the Murderer**

**to Elude Justice, the Two Offenses Were Each Committed with a**

**Separate Animus, and They Are Not Allied Offenses of Similar Import**

{¶ 7}    Forney's First Assignment of Error states as follows:

THE COURT ERRED IN SENTENCING APPELLANT KANDIS FORNEY TO ALLIED OFFENSES BECAUSE THE CONDUCT THE [SIC] SUPPORTED THE CONVICTIONS OF COMPLICITY TO TAMPERING WITH EVIDENCE AND OBSTRUCTING JUSTICE WAS THE SAME CONDUCT WITH THE SAME ANIMUS.

{¶ 8}    Forney contends that the trial court erred by failing to merge, for purposes of sentencing, her convictions for Complicity to Tampering with Evidence and Obstructing Justice. In support, Forney argues that by "accompanying Mr. Puccio to leave the murder scene and to transport the Ms. Sacco's body [sic] and by providing him with transportation to do so, [she] simultaneously committed" the two offenses with a single state of mind – to help him dispose of the evidence.

{¶ 9}    In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-51, the Supreme Court of Ohio held:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other.  * * *  If the offenses correspond to such a degree

that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."  * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.  (Citations and quotations omitted, emphasis in original.)

{¶ 10}   The defendant bears the burden to prove entitlement to merger. *State v. Jackson,* 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 134.

{¶ 11}   Forney was charged with Complicity to Tampering with Evidence in violation of R.C. 2923.02(A)(2) and 2921.12(A)(1).  R.C. 2921.12(A) provides that a person commits the crime of tampering with the evidence when she "know[s] that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, [and she]* * * [a]lters, destroy [s], conceal[s], or remove[s] any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."

{¶ 12}   Forney was also convicted of Obstruction of Justice in violation of R.C. 2921.32, which provides that "[n]o person, with purpose to hinder the discovery, apprehension,

prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, and no person, with purpose to hinder the discovery, apprehension, prosecution, * * * shall * * * [p]rovide the other person * * * with money, transportation, a weapon, a disguise, or other means of avoiding discovery or apprehension."   R.C. 2921.32(A)(2).

{¶ 13}   The indictment alleged the underlying facts for both offenses.  With regard to Complicity to Tampering with Evidence, the indictment stated that Forney aided and abetted Puccio in committing the offense of Tampering with Evidence by using  her vehicle "to remove and transport the severed limbs and fingers of the deceased Jessica Rae Sacco from her residence in Urbana, Champaign County, Ohio, to Hamilton, Butler County, Ohio."   The charge regarding Obstruction of Justice alleges that Forney "with purpose to hinder the discovery and apprehension of [Puccio] * * * provided [Puccio] with transportation in your motor vehicle * * * from the scene of a homicide [in Urbana] to * * * Hamilton, Butler County, Ohio, so as to help him avoid detection by law enforcement authorities."

{¶ 14}   Forney admitted the commission of the offenses upon which she was indicted. While the crimes involved the same mode of transport, and occurred at the same time, the crimes had two distinct purposes.   One crime involved the transport of the body parts, for the purpose of impairing their value or availability as evidence, while the other crime involved the transport of Puccio, for the purpose of hindering his discovery, apprehension, and prosecution.  Although Forney's underlying motive for committing both crimes may have been to help Puccio avoid having to answer for Sacco's murder, each crime had a distinct purpose, and they are therefore not allied offenses of similar import.

{¶ 15}   Accordingly, the First Assignment of Error is overruled.

**IV.   Where a Criminal Defendant Expressly Declines an Invitation to Object to a Forfeiture, the Trial Court Is Not Required to Conduct a Proportionality Review**

{¶ 16}   Forney's Second Assignment of Error provides:

THE TRIAL COURT ERRED IN ORDERING THE FORFEITURE OF APPELLANT'S VEHICLE BECAUSE THE COURT FAILED TO CONDUCT A "PROPORTIONALITY REVIEW" AS REQUIRED UNDER R.C. 2981.04(B) AND 2981.09(A).

{¶ 17}   Forney contends that the trial court failed to conduct a review to determine whether the value of the vehicle was proportional to the nature of the offense.

{¶ 18}   "In Ohio, forfeitures are typically not favored in law or in equity." *In re Forfeiture of Property of Rhodes*, 2d Dist. Montgomery No. 25464, 2013-Ohio-3046, ¶ 6.   Thus, forfeiture statutes must be strictly construed against forfeiture.  *State v. Lilliock,* 70 Ohio St.2d 23, 25-26, 434 N.E.2d 723 (1982).

{¶ 19}   R.C. 2981.04(B) states in pertinent part:

If a person pleads guilty to * * * an offense * * * and the * * * indictment * * * charging the offense or act contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited.   If the state or political subdivision proves by a preponderance of the evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code,

after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture. * * *

{¶ 20} Property subject to forfeiture includes "an instrumentality that is used in or intended to be used in the commission or facilitation of * * * a felony * * * ." R.C. 2981.02(A)(1)(a). Property is not subject to forfeiture as an "instrumentality" if the value of the "property is disproportionate to the severity of the offense." The defendant has the burden to prove, by a preponderance of the evidence, the fact that the value of the instrumentality is disproportionate to the severity of the offense. R.C. 2981.09(A).

{¶ 21} Forney does not dispute that her vehicle was an instrumentality subject to forfeiture. She contends that the trial court erred by failing to hold a proportionality review. In support, she cites *State v. Luong*, 2012-Ohio-4519, 977 N.E.2d 1075 (12th Dist.), for the proposition that the trial court's failure to hold a proportionality review constitutes plain error, notwithstanding the defendant's failure to request a proportionality review. *Id.* at ¶ 44. That court reasoned, in part, that a proportionality review is "mandated by the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution, because the forfeiture of property is a form of punishment for a specified offense and thus is a 'fine' for purposes of the United States and Ohio Constitutions." (Citation omitted.) *Id.* at ¶ 37.

{¶ 22} We find the facts in this case distinguishable from those in *Luong*. Like the defendant in *Luong*, Forney did not seek a review on proportionality. *Luong* at ¶ 43. But unlike the defendant in *Luong*, Forney was specifically asked whether she had any objection to the

forfeiture of the vehicle. Her counsel replied that she had no objection to the forfeiture. By declining the trial court's invitation to object to the forfeiture of her vehicle, Forney acquiesced in the forfeiture, thereby affirmatively waiving the requirement of a proportionality review.

{¶ 23} As noted above, R.C. 2981.04(B) provides that after the State has proved that the property is subject to forfeiture, the trier of fact, "after a proportionality review under section 2981.09 of the Revised Code *when relevant,* * * * shall return a verdict of forfeiture." (Emphasis added). R.C. 2981.09(A) states that the burden of proving that the value of the property is disproportionate to the severity of the offense is on the owner of the property. This language supports the conclusion that if a defendant acquiesces to a forfeiture, then there is no error in failing to hold a proportionality hearing. This holding only applies to the facts of this case: to wit, there is no showing of any liens on the vehicle, the vehicle does not appear to hold much value from the record, and the defendant specifically acquiesced to the forfeiture.

{¶ 24} The Second Assignment of Error is overruled.

### V. The Record Does Not Support Forney's Contention that She Was Sentenced to a Mandatory Term of Post-Release Control

{¶ 25} For her Third Assignment of Error, Forney asserts the following:

THE TRIAL COURT ERRED IN IMPOSING POST-RELEASE CONTROL PURSUANT TO R.C. 2967.28 BY IMPOSING MANDATORY POST-RELEASE CONTROL.

{¶ 26} Forney contends that the trial court imposed mandatory post-release control, because the sentencing entry omits a statement that post-release control is optional and will be

imposed, if necessary, at the discretion of the Ohio Adult Parole Authority.

**{¶ 27}**   R.C. 2967.28 provides that felony prison sentences are subject to post-release control, either mandatory or discretionary, based on the nature and degree of the offense.   R.C. 2967.28(B) and (C). Based on her offenses, Forney was subject to a discretionary three years of post-release control.

**{¶ 28}**   The sentencing entry in this case provides: "Upon release from prison, Defendant is ordered to be subject to post release control for a maximum of three (3) years, all subject to Parole Board determination according to law."

**{¶ 29}**   At the sentencing hearing, the trial court advised Forney of the fact that she would be subject to post-release control:

> At the time you complete your sentence, the Adult Parole Authority will advise you if post release control is to apply, if so, for how long.   Can last for three years.   Current practice is to actively supervise it for one, but can last for three.   There are rules to follow on post release control.   If the rules aren't followed, you can be punished.   Punishment can be as severe as time behind bars either in a local jail or a state prison for up to one-half of your original sentence. In addition to that, if you're on post release control and you're charged with a new crime where prison is a possible penalty, you not only have to face that new crime and its penalty, but you can also be sent back to prison on this original charge for either one year or the balance or your post release control time period, whichever is greater.

**{¶ 30}**   Based upon the record, we find no merit to Forney's contention that the trial

court improperly sentenced her to a mandatory term of post-release control. The Third Assignment of Error is overruled.

## VI. The Trial Court's Decision to Impose Consecutive Sentences for Forney's Felony Offenses Is Neither Contrary to Law Nor an Abuse of Discretion

{¶ 31}   The Fourth Assignment of Error states:

THE TRIAL COURT ERRONEOUSLY SENTENCED APPELLANT TO CONSECUTIVE SENTENCES FOR COMPLICITY TO TAMPERING WITH EVIDENCE AND OBSTRUCTING JUSTICE.

{¶ 32}   Forney contends that the record does not support the trial court's decision to impose consecutive sentences. In support, she argues that her only role in the murder of Sacco was a passive one; i.e., she did not play an active role in the killing or in the transfer of Sacco's remains.

{¶ 33}   When reviewing a felony sentence, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to decide whether the sentence is contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse-of-discretion standard. *Id.* The term "abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Hufman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 34}   A court that sentences an offender for a felony shall be guided by the overriding

purposes of felony sentencing, which "are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A).

{¶ 35} R.C. 2929.14(C)(4) requires a trial court to make certain findings before imposing consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any

of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 36}** At the sentencing hearing, the trial court stated, at Tr. 32-33:

Court specifically finds in imposing consecutive terms that the consecutive sentence is necessary to protect the public from future crime and to punish the defendant.

Court makes those findings based on the nature of defendant's participation in the criminal activity. Court finds that the consecutive sentences are not disproportionate to the seriousness of this defendant's conduct, and to the danger this defendant poses to the public.

Court finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct.

**{¶ 37}** We conclude that the trial court complied with all applicable rules and statutes in imposing Forney's sentence, including R.C. 2929.11 and R.C. 2929.12. Thus, the sentence is not clearly and convincingly contrary to law.

**{¶ 38}** We also conclude that the sentence imposed does not constitute an abuse of discretion. While it is true that Forney did not play an active role in the murder or

dismemberment of the body, she displayed a disregard for the law by failing on multiple occasions to inform the authorities of the murder, dismemberment and transport of the dismembered body parts that took place in her presence. According to the record, the parties knew that Sacco was alive following the stabbing, and that she remained so for a period of time until Puccio decided to kill her by suffocation. The dismemberment occurred over the course of about two days and Forney entered the bathroom where the dismemberment took place. Forney's vehicle was used to transport Puccio and the body parts to Hamilton, and Forney slept in the vehicle with the parts for at least one night, while Puccio slept inside the Wright residence. These facts establish that both of Forney's felony offenses were more serious forms of Complicity to Tampering with Evidence and Obstruction of Justice.

{¶ 39} Forney's Fourth Assignment of Error is overruled.

## VII. Conclusion

{¶ 40} All of Forney's Assignments of Error being overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Adam James Stout
Hon. Nick A. Selvaggio