[Cite as *State v. Hayes*, 2014-Ohio-5362.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO

       Plaintiff-Appellee

v.

KEVIN M. HAYES

       Defendant-Appellant

Appellate Case No.    2014-CA-27

Trial Court Case No.   2013-CR-216

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of December, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

A. MARK SEGRETI, JR., Atty. Reg. No. 0009106, 1405 Streamside Drive, Dayton, Ohio 45459
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Kevin M. Hayes, appeals from his 59-month prison sentence he received in the Clark County Court of Common Pleas after pleading guilty to having weapons under disability and possession of heroin with a firearm specification. For the reasons outlined below, the sentence imposed by the trial court will be affirmed.

{¶ 2} On April 1, 2013, Hayes was indicted for one count of having weapons under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree; one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a felony of the third degree; and one count of possession of heroin in violation of R.C. 2925.11(A), a felony of the fourth degree. The charge for possession of heroin included a one-year firearm specification under R.C. 2941.141.

{¶ 3} Pursuant to a plea agreement, on July 22, 2013, Hayes pled guilty to having weapons under disability and possession of heroin with the one-year firearm specification. In exchange, the State dismissed the charge for improperly handling firearms in a motor vehicle. After entering his plea, the trial court imposed a 30-month prison sentence for having weapons under disability, a 17-month prison sentence for possession of heroin, and a 12-month prison sentence for the firearm specification. The trial court ordered the sentences to run consecutively for a total prison term of 59 months.

{¶ 4} Hayes is now appealing from his 59-month prison sentence, raising two assignments of error for review.

**First Assignment of Error**

{¶ 5}     Hayes's First Assignment of Error is as follows:

THE TRIAL COURT['S] IMPOSITION OF CONSECUTIVE SENTENCES IS CONTRARY TO THE PRESUMPTION FOR CONCURRENT SENTENCES IN OHIO LAW AND IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW OR AN ABUSE OF DISCRETION IN APPLICATION OF LAW. THE TRIAL COURT'S RECITATION OF STATUTORY LANGUAGE FOR APPLICATION OF AN EXCEPTION TO CONCURRENT SENTENCES IS CONTRARY TO LAW BECAUSE IT IS NOT BASED ON JUDICIAL FINDINGS OF FACT THAT EXPLAIN THE REASONS FOR NOT APPLYING THE STATUTORY PRESUMPTION IN THIS CASE.

{¶ 6}     Under his First Assignment of Error, Hayes contends the trial court erred in imposing consecutive sentences. Specifically, Hayes argues the trial court failed to make the required findings in R.C. 2929.14(C)(4) before imposing consecutive sentences. In support of this claim, Hayes alleges the trial court's findings are insufficient in that the trial court simply recited the language in the statute without providing any explanation or reasoning to support its findings. As a result, Hayes claims the presumption in favor of concurrent sentences in R.C. 2929.41(A) should apply.

{¶ 7}     As a preliminary matter, we note that the appellate standard of review for felony sentences, including consecutive sentences, is set forth in R.C. 2953.08(G)(2). *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.); *State v. Mooty*, 2014-Ohio-733, 9 N.E.3d 443, ¶

68 (2d Dist.). This statute states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 8} " '[T]he clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.' " *Rodeffer* at ¶ 31, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.). " 'In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' " *Id.*

{¶ 9} As previously noted, Hayes challenges the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4), which is an exception to the presumption in favor of concurrent sentences in R.C. 2929.41(A). Pursuant to R.C. 2929.14(C)(4), a sentencing court may impose consecutive sentences if it finds that: (1) consecutive service is necessary to protect

the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 10} " '[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.' " *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 11, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 11} In this case, and as noted above, the trial court sentenced Hayes to 30 months in prison for having weapons under disability, 17 months in prison for possession of heroin, and 12

months in prison for the firearm specification.   The trial court then stated on the record that

consecutive service of these sentences is necessary to protect the public from

future crime and punish the offender, and consecutive sentences are not

disproportionate to the seriousness of the offender's conduct and to the danger

that he poses to the public.   Further, the Defendant's criminal history

demonstrates consecutive sentences are necessary to protect the public from future

crimes by this defendant.

Disposition Trans. (Aug. 12, 2013), p. 12-13.

{¶ 12}   The trial court incorporated these consecutive-sentence findings in its sentencing entry.  *See* Judgment Entry of Conviction (Aug. 13, 2013), Clark County Common Pleas Court Case No. 2013-CR-0216, Docket No. 19, p. 3.   Therefore, contrary to Hayes's claim otherwise, we find the trial court made all the necessary consecutive-sentence findings under R.C. 2929.14(C)(4) at the sentencing hearing and in its sentencing entry.

{¶ 13}   Furthermore, we do not clearly and convincingly find that the record does not support these findings.   The record, which includes Hayes's presentence investigation report, indicates that Hayes had a prior criminal history, including convictions in Clark County for theft, improper handling of firearms in a motor vehicle, and escape in 2009, as well as a 2012 conviction for receiving stolen property.   The record also indicates that Hayes had a prior juvenile adjudication for robbery in Orange County, California.   We note that Hayes contends his criminal history is unclear for purposes of sentencing because he claims the juvenile adjudication for robbery was actually that of his twin brother.   However, the trial court expressly stated on the record that due to the confusion surrounding the juvenile adjudication, the court

would not consider that adjudication during sentencing.

**{¶ 14}** The record also indicates that Hayes had not responded favorably to the sanctions previously imposed for his prior convictions and that he scored high on the Ohio Risk Assessment Survey. The trial court also indicated that Hayes displayed no genuine remorse for his offense. In light of the foregoing, the trial court's consecutive sentence-findings are not clearly and convincingly unsupported by the record.

**{¶ 15}** In continuing the review of Hayes's sentence under R.C. 2953.08(G)(2), we do not clearly and convincingly find that his sentence is otherwise contrary to law. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

**{¶ 16}** Here, Hayes's 30-month prison sentence for having weapons under disability is within the prescribed statutory range for felonies of the third degree. *See* R.C. 2929.14(A)(3). Likewise, his 17-month prison sentence for possession of heroin is within the prescribed statutory range for felonies of the fourth degree. *See* R.C. 2929.14(A)(4). The 12-month prison term for the firearm specification is also prescribed by R.C. 2929.14(B)(1)(a)(iii). In addition, the trial court expressly stated in its sentencing entry that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Accordingly, we have no basis to conclude that Hayes's sentence is otherwise contrary to law.

**{¶ 17}** We reiterate that we have reviewed Hayes's sentence under the standard of review set forth in *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069. In *Rodeffer*, we held that we

would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations as to whether our decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn. 1. Regardless, in the case before us, we find no error in the sentence imposed under either standard of review.

{¶ 18} Hayes's First Assignment of Error is overruled.

**Second Assignment of Error**

{¶ 19} Hayes's Second Assignment of Error is as follows:

THE TRIAL COURT['S] IMPOSITION OF PRISON SENTENCES FOR BOTH THE OFFENSE OF HAVING A WEAPON WHILE UNDER DISABILITY AND ALSO FOR A MANDATORY ONE-YEAR PRISON SENTENCE FOR A GUN SPECIFICATION FOR THE SAME WEAPON, IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW OR AN ABUSE OF DISCRETION IN APPLY[ING] THE LAW, AND VIOLATED THE RIGHT NOT TO BE PLACED IN DOUBLE JEOPARDY, BY IMPOSING A PRISON SENTENCE FOR THE SAME CONDUCT, WHICH SHOULD HAVE BEEN MERGED TOGETHER INTO ONE SENTENCE.

{¶ 20} Under his Second Assignment of Error, Hayes contends the trial court erred in sentencing him separately for having weapons under disability and for the firearm specification attached to the possession of heroin offense. According to Hayes, the separate prison terms punish him for the exact same conduct and thus violate the Double Jeopardy Clause of the United

States and Ohio Constitutions. As a result, Hayes claims the weapons under disability offense and the firearm specification should merge as allied offenses of similar import.

{¶ 21} With respect to allied offenses, R.C. 2941.25 provides that:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 22} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court of Ohio held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus [overruling *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999) ]. In *Johnson*, the Supreme Court of Ohio also outlined a framework for evaluating merger issues.

{¶ 23} The first consideration "is whether it is possible to commit one offense *and* commit the other with the same conduct * * *." (Citation omitted. Emphasis in original.) *Johnson* at ¶ 48. "If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id.*

**{¶ 24}** If the first prong is satisfied, the next consideration is "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id.* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). However, "if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶ 51. The defendant also has the burden of proving entitlement to merger. *State v. Forney*, 2d Dist. Champaign No. 2012-CA-36, 2013-Ohio-3458, ¶ 10.

**{¶ 25}** As previously noted, Hayes contends his weapons under disability offense and the firearm specification attached to his possession of heroin offense should merge as allied offenses of similar import. However, "a firearm specification is a penalty enhancement and is contingent upon an underlying felony conviction; it is not a criminal offense in itself." (Citation omitted.) *State v. Beal*, 2d Dist. Clark No. 2013 CA 95, 2014-Ohio-3834, ¶ 10. The Supreme Court of Ohio has held that a firearm specification and its predicate offense do not merge under R.C. 2941.25. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 19. Moreover, R.C. 2929.14(C)(1)(a) provides that a firearm specification must be served "consecutively to and prior to any prison term imposed for the underlying felony * * *, *and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.*" (Emphasis added.)

**{¶ 26}** Based on the foregoing, we conclude that the weapons under disability offense and the firearm specification for the possession of heroin offense are not allied offenses of similar import as defined in R.C. 2941.25, because the firearm specification is a penalty enhancement, not a separate criminal offense.

{¶ 27}  Furthermore, pursuant to R.C. 2929.14(C)(1)(a), Hayes's 12-month prison sentence for the firearm specification must be served consecutively to his 30-month prison sentence for having weapons under disability.  *See State v. Ruby*, 6th Dist. Sandusky No. S-10-028, 2011-Ohio-4864, ¶ 29-32 (holding that under former R.C. 2929.14(E)(1)(a), which is now codified as R.C. 2929.14(C)(1)(a), the trial court properly ordered the defendant's one-year firearm specification to be served consecutively to the defendant's other offenses–not just consecutively to the predicate offense.)

{¶ 28}  Hayes's Second Assignment of Error is overruled.


**Conclusion**

{¶ 29}  Having overruled both of Hayes's assignments of error, the judgment of the trial court is affirmed.


. . . . . . . . . . . . .


FROELICH, P.J. and DONOVAN, J., concur.



Copies mailed to:

Ryan A. Saunders
A. Mark Segreti, Jr.
Hon. Richard J. O'Neill