[Cite as *State v. Paxson*, 2016-Ohio-3360.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26793 |
| | : | |
| v. | : | Trial Court Case No. 15-CR-1376 |
| | : | |
| MICHAEL C. PAXSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of June, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MEAGAN WOODALL, Atty. Reg. No. 0093466, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, Slicer Law Office, 111 West First Street, Suite 518, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} A jury found Michael Paxson guilty of aggravated robbery, a first-degree felony, with a 3-year firearm specification. The trial court found him guilty of having a

weapon while under a disability. (This offense was tried to the court at the same time.) Paxson was sentenced to seven years in prison for aggravated robbery and an additional three years for the firearm specification. The trial court imposed no sentence for the having-weapons-under-disability offense because the court determined that it merged with the firearm specification.[1]

{¶ 2} Paxson's assigned appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that "[c]ounsel has conducted * * * an examination, and finds no merit to any claim of error sufficient to overturn these convictions." (*Brief of Appellant*, 5). By order filed on January 4, 2016, we informed Paxson that the *Anders* brief had been filed and advised him of both his right to file his own brief and the time limit for doing so. Paxson has not filed anything, and the time for filing has expired.

**The facts and proceedings**

{¶ 3} On May 10, 2015, around 4:30 p.m., the Speedway gas station on the corner of Brandt Pike and Fishburg Road in Huber Heights was robbed. The robbery was captured on surveillance video. The robber pulled up in front of the store in a dark pickup truck bearing license plates that were partially obscured with plastic. When he exited the truck, the robber was wearing a black and white clown mask and carrying a black rifle or

---

[1] We are of the opinion that the independent having-weapons-under-disability offense does not merge with the firearm specification, which supplements the aggravated-robbery offense. Although concurrent sentences may be determined to be appropriate in that circumstance, a weapons-under-disability offense and a firearm specification for a separate charge are not allied offenses of similar import under R.C. 2941.25, because the firearm specification is a penalty enhancement not a separate criminal offense. *State v. Hayes*, 2d Dist. Clark No. 2014-CA-27, 2014-Ohio-5362, ¶ 26. However, the State did not file a cross-appeal on this issue, and we need not consider it further.

shotgun. He entered the store, demanded money at gunpoint, and left with a handful of paper money. The robber got back into his truck and headed east on Fishburg Road, toward Bellefontaine Road.

{¶ 4} An off-duty Dayton police officer, going to Speedway to get gas for his grill, was on Bellefontaine Road approaching the four-way stop at the Fishburg intersection when he saw a dark pickup truck, eastbound on Fishburg, skid into the intersection. The truck backed up and turned south on Bellefontaine. The officer saw the driver, who he identified at trial as Paxson. And though the truck's license plates were partially obscured, the officer managed to get all but the last number. It quickly occurred to the officer that the Speedway might have been robbed, so when he arrived at the gas station, he asked and was told that a robbery had just occurred. The officer called the Huber Heights police and told them what he had seen.

{¶ 5} Huber Heights police officers soon arrived. After about 15 minutes of canvassing the area, they found the dark pickup truck at 5465 Bellefontaine Road—the location of Paxson's apartment. Paxson was outside his apartment when the officers pulled up, and they detained him. Paxson made this unsolicited statement to the officers: "The prosecutors will never take the case. You don't have any evidence." In the trash can of an adjoining apartment an officer found a black and white clown mask. It was later determined that Paxson was the major contributor of the DNA found on the inside of the mask. A warranted search of the apartment did not reveal any additional evidence. The off-duty police officer was called to the scene, and he confirmed that Paxson's truck was the same truck that he saw skid into the Fishburg-Bellefontaine intersection.

{¶ 6} As we said, Paxson was convicted of aggravated robbery, along with a

firearm specification, and convicted of having weapons under a disability and sentenced to a total of 10 years in prison. The trial court properly advised him about restitution, costs, post-release control, and appellate rights.

**Potential assignments of error**

{¶ 7} Although appellate counsel found no merit to the appeal, he identifies two potential assignments of error for our consideration. The first potential error concerns whether the findings of guilt are supported by sufficient evidence and whether the verdict is contrary to the manifest weight of the evidence. "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In contrast, "[a] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *Id.* at ¶ 12. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19 (saying that " 'manifest weight of the evidence' refers to a greater amount of credible evidence and relates to persuasion"). When evaluating whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 8} We agree with appellate counsel that an assignment of error regarding sufficiency or manifest weight of the evidence would be frivolous. Video surveillance cameras captured the Speedway station being robbed at what appears to be gunpoint, and portions of the video were shown to the jury. The only reasonable questions for the jury were the identity of the suspect and whether the brandished implement used was a firearm. Immediately after the robbery, an off-duty police officer saw Paxson driving a truck—a truck that looked like the one driven by the robber. The truck skidded into an intersection on Fishburg Road—not far from the Speedway that had just been robbed. The truck then turned and headed south on Bellefontaine Road—toward Paxson's apartment. Soon after, Paxson was found at his Bellefontaine Road apartment—with the pickup truck that looked like the truck driven by the robber. In the trash can of the adjoining apartment a clown mask was found—a mask like the one worn by the robber and containing Paxson's DNA. Although the weapon and money were not found, the circumstantial evidence strongly suggests that Paxson was the robber. So much so that we conclude it would be frivolous to argue that the evidence, if believed by a jury, was insufficient or to argue that the jury lost its way by finding that Paxson was the robber.

{¶ 9} Our conclusion is the same with respect to the firearm. The first paragraph of the syllabus in *State v. Thompkins* states that "[a] firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which

include any implicit threat made by the individual in control of the firearm." (Citations omitted.). Here, the Speedway store clerks described what they believed was a shotgun, which Paxson pointed at them when he demanded money. The clerks said that he also pointed it at a customer and told him to back up. Paxson was holding the gun, said one of the clerks, "like he wanted to shoot it." The jury, and the trial court with regard to the weapons-under-disability charge, reasonably concluded that Paxson was holding a firearm and that it was a weapon that he was prohibited from possessing because of a prior robbery conviction.

{¶ 10} Appellate counsel's second potential assignment of error is that there was ineffective assistance of trial counsel because counsel failed to document whether Paxson made a knowing and voluntary choice not to testify and failed to document whether there was contradictory testimony about the search of the trash can and discovery of the mask. Neither of these contentions is supported by the record.

{¶ 11} During one of the trial recesses, out of the presence of the jury, the trial court engaged Paxson in a colloquy about his right to remain silent or to testify. After the State rested, defense counsel moved for acquittal under Crim.R. 29. The trial court overruled the motion and then asked whether the defendant or other defense witnesses would be called. Defense counsel replied that the defense would not be calling any witnesses. Nothing else in the record sheds light on Paxson's decision not to testify. Moreover, the trial court is not required to conduct an inquiry with a defendant about the decision not to testify. Accordingly, without any supporting evidence, the argument is frivolous that counsel was ineffective with regard to Paxson's choice not to testify.

{¶ 12} Appellate counsel asserts that trial testimony about the opening of the trash

can containing the mask is contrary to testimony on the same subject given in prior court proceedings. But counsel recognizes, and we determine, that there is no record of any prior testimony about the trash can. Nothing in our case file suggests that there might be such testimony. There is no evidence in the record to support a claim of ineffective assistance of counsel based on contrary testimony, making an ineffective-assistance argument on this basis frivolous. Thus the second potential assignment of error has no arguable merit.

### *Anders* review

{¶ 13} We have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly reviewed the docket, the various filings, the written transcript of the trial, and the sentencing disposition. We found no non-frivolous issues for review. Accordingly, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Meagan Woodall
Charles W. Slicer, III
Michael C. Paxson
Hon. Mary L. Wiseman