[Cite as *State v. Andrews*, 2016-Ohio-8517.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-048** |
| ANTHONY R. ANDREWS, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2016 CR 000021.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp, Assistant Public Defender,* 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Anthony J. Andrews, Jr., appeals the length of the prison terms imposed by the trial court following his conviction on two felony offenses. He contends that his sentence is contrary to law because the trial court did not accord proper weight to various factors that supported shorter terms. For the following reasons, the imposed sentence is upheld.

{¶2} In February 2016, appellant was indicted on two counts of theft, one count of illegal conveyance of drugs of abuse onto the grounds of a governmental facility, one count of aggravated possession of drugs, and one count of possession of heroin. The theft counts were based upon an incident in which appellant entered a hardware store with two other men, placed two sinks and two faucets on a shopping cart, took the items to the front of the store and told a clerk that he was returning the items, and was given a gift card for the value of the items. The three drug counts were predicated upon the fact that, after appellant was arrested for the theft and searched at a local city jail, an officer found two pieces of paper on his person that contained heroin and fentanyl.

{¶3} On the date he committed the theft offense, appellant was on post-release control, having served a nine-month sentence on a prior theft and forgery conviction in the same trial court. That sentence constituted the fifth prison term he had served as an adult.

{¶4} After receiving discovery from the state, appellant agreed to plead guilty to one count of theft, a fifth-degree felony under R.C. 2913.02(A), and an amended count of attempted illegal conveyance of drugs of abuse onto the grounds of a governmental facility, a fourth-degree felony under R.C. 2921.36(A) and 2923.02(A). The latter count also had a forfeiture specification regarding the contraband found on appellant's person. Upon accepting the plea, the trial court found him guilty of the two offenses and referred the case to the county adult probation department for the preparation of a presentencing investigation report and a drug and alcohol evaluation.

{¶5} At sentencing, appellant asserted that the imposition of short prison terms for the two offenses was justified because his theft of the funds from the hardware store

2

was directly attributable to his addiction to illegal drugs; i.e., he needed the funds to buy more drugs and provide for his children. As to this point, he claimed that he had been able to stay "clean" following his most recent prison term until he injured himself at work, and that his reliance upon pain pills had led him to begin using heroin. Appellant also noted that the short terms were warranted because he had become more involved in his children's lives since being released from prison. In rejecting these arguments, the trial court cited: (1) appellant's extensive criminal record, both as an adult and a juvenile; (2) his multiple probation violations; and (3) the fact that he quit attending a drug treatment program immediately prior to his commission of the theft offense.

{¶6} In light of the foregoing factors, the trial court sentenced appellant to two consecutive terms of eleven months on the theft offense and seventeen months on the "illegal conveyance" offense. In addition, the trial court imposed a separate consecutive term of eight months on the post-release control violation stemming from his 2012 theft and forgery convictions. Thus, appellant was ordered to serve an aggregate sentence of thirty-six months.

{¶7} After the trial court restated the sentence in its final judgment, appellant timely appealed, raising one assignment of error:

{¶8} "The trial court erred by sentencing the defendant-appellant to a consecutive, thirty-six month prison term."

{¶9} In maintaining that the length of the each imposed prison term is too long under the facts of this case, appellant asserts that the trial court did not give adequate weight to sentencing factors under R.C. 2929.12 which tended to show the offenses he committed were not overly serious. He argues that the trial court failed to consider the

undisputed facts that he had a serious addiction problem, he had previously shown that he could be successful when his addiction was under control, he needed more money to properly provide for his children, and he was remorseful for his actions.

{¶10} Appellate review of a felony sentence is governed by R.C. 2953.08(G)(2), which provides:

{¶11} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶12} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶13} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶14} "(b) That the sentence is otherwise contrary to law."

{¶15} In analyzing the statutory standard, this court has stated:

{¶16} "R.C. 2953.08(G)(2) provides a two-step analysis for reviewing the imposition of a felony sentence. Specifically, an appellate court must affirm the felony sentence unless: (1) the trial court's findings on applicable mandatory requirements are not supported by the record; or (2) the sentence is not consistent with other relevant

4

aspects of the law. *State v. Robinson*, 1st Dist. Hamilton No. C-140043, 2015-Ohio-773, ¶38." *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15.

**{¶17}** In this case, appellant essentially claims that the materials before the trial court did not support its findings under R.C. 2929.12 as to the seriousness of the crimes and the likelihood of future criminal behavior. However, R.C. 2929.12 is not one of the statutory provisions listed in R.C. 2953.08(G)(2)(a). As a result, the scope of our review is limited to the second step of the R.C. 2953.08(G)(2) standard: i.e., is the imposition of the eleven and seventeen month terms contrary to law? As a general proposition, "the imposition of any sentence for an individual offense is not contrary to law if the term falls within the statutory range for that particular offense and the record demonstrates that the trial court considered the purposes and principles of felony sentencing, as stated in R.C. 2929.11, and the sentencing factors of seriousness and recidivism, as delineated in R.C. 2929.12. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23; *State v. Hayes*, 2nd Dist. Clark No. 2014-CA-27, 2014-Ohio-5362, ¶15-16." *State v. Lough*, 11th Dist. Trumbull No. 2015-T-0093, 2015-Ohio-3513, ¶18.

**{¶18}** Since the value of the property appellant stole was between $1,000 and $7,500, the offense of theft is a fifth-degree felony. R.C. 2913.02(B)(2). For this degree of felony, a trial court can only impose a term of six, seven, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). Thus, the imposed term of eleven months fell within the statutory range.

**{¶19}** When the crime of illegal conveyance upon the grounds of a governmental facility involves a drug of abuse, it is deemed a third-degree felony. R.C. 2921.36(G)(2). In turn, since appellant's conviction was for *attempted* illegal conveyance, the degree of

5

his offense would be one degree less: i.e., a fourth-degree felony. R.C. 2923.02(E)(1). For this degree of felony, the permissible range of jail terms is between six and eighteen months. R.C. 2929.14(A)(4). Accordingly, the imposed term of seventeen months was in compliance with the governing law.

{¶20} Furthermore, the trial court expressly stated during the sentencing hearing and in its final sentencing judgment that, prior to imposing the sentence, it considered the statutory guidelines set forth in R.C. 2929.11 and 2929.12. The court also provided a lengthy discussion of the R.C. 2929.12 sentencing factors during the hearing. To this extent, the record shows that the trial court employed the correct procedure in deciding the length of the respective prison terms.

{¶21} As to the merits of the trial court's R.C. 2929.12 analysis, appellant argues that the court failed to acknowledge those factors that tended to show his crimes were not as serious as the usual forms of those offenses. Yet, the record establishes that the trial court cited many of the factors favorable to appellant during its oral discussion. For example, the court recognized he had a serious drug problem. Nevertheless, the trial court concluded that the factors cited by appellant as to the "seriousness" issue were readily outweighed by other factors supporting the finding that he was likely to commit new crimes in the future.

{¶22} This conclusion was based upon appellant's substantial criminal record as a juvenile and an adult. Prior to becoming an adult, he was convicted of nine separate crimes, including five theft offenses. After turning eighteen, he was convicted of twenty-five additional crimes, including the two in this case. Of those twenty-five convictions, twenty-one were for felony offenses. Furthermore, as a result of those convictions, he

6

had served five separate prison terms as an adult.

{¶23} The record before the trial court also established that appellant could not be trusted to abide by any restrictions upon his behaviors. Specifically, he was found guilty of two probation violations as a juvenile and three as an adult. The last of the five violations occurred in a 2012 case before the same trial court, in which appellant was convicted of one count of theft and three counts of forgery. Only one day after being granted probation for four years, he was cited for submitting a fictitious letter regarding his alleged employment.

{¶24} Appellant argued at the trial level that, despite his many prior convictions, he was never afforded treatment for his drug addiction. However, he did not dispute the fact that, immediately prior to his commission of the two offenses underlying this case, he had stopped attending a local drug treatment program after only three visits. In light of this, the materials before the trial court justified the conclusion that appellant was not serious about dealing with his drug addiction.

{¶25} Taken as a whole, the record contains considerable evidence supporting the trial court's analysis of the R.C. 2929.12 sentencing factors governing seriousness of the offenses and recidivism. Accordingly, appellant has failed to demonstrate that the trial court's decision to impose prison terms of eleven and seventeen months is clearly and convincingly contrary to law. The imposition of longer terms is warranted in light of appellant's clear inability to control his own behavior. Appellant's sole assignment lacks merit.

{¶26} The judgment of the Lake County Court of Common Pleas is affirmed.