[Cite as *State v. Chandler*, 2016-Ohio-164.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.  14CA010676 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CRYSTAL CHANDLER | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.  14CR089297 |

DECISION AND JOURNAL ENTRY

Dated: January 19, 2016

---

MOORE, Judge.

{¶1}   Plaintiff-Appellant the State of Ohio appeals from the entry of the Lorain County Court of Common Pleas granting Defendant-Appellee Crystal Chandler's motion for intervention in lieu of conviction ("ILC").  We reverse.

I.

{¶2}   In April 2014, Ms. Chandler was indicted on one count of possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree.  Ms. Chandler filed a motion seeking ILC pursuant to R.C. 2951.041, which the State opposed.  After a hearing on the motion, at which the State objected to Ms. Chandler's eligibility to participate in an ILC program, the trial court granted her motion, accepted her guilty plea, and ordered the proceedings stayed.

{¶3}   The State sought leave to appeal, which this Court granted.  The State has raised a single assignment of error for our review.  Ms. Chandler has not filed a brief in this matter, and

thus, we "may accept the [State's] statement of the facts and issues as correct and reverse the judgment if [the State's] brief reasonably appears to sustain such action." App.R. 18(C).

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRONEOUSLY GRANTED [MS.] CHANDLER'S MOTION FOR [ILC] OVER THE STATE'S OBJECTION IN VIOLATION OF R.C. 2951.041(B)(1).

{¶4} The State argues in its sole assignment of error that the trial court erred in granting Ms. Chandler's motion for ILC without the prosecutor's recommendation because she was statutorily ineligible. We agree.

{¶5} "ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense." *State v. Massien,* 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 9, citing R.C. 2951.041(A)(1). "If, after a hearing, the trial court determines that an offender is eligible for ILC, then it shall accept the offender's guilty plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender." *Massien* at ¶ 9, citing R.C. 2951.041(C) and (D). "The intervention plan shall last at least one year, during which the offender is ordered to abstain from alcohol and illegal drug use, to participate in treatment and recovery-support services, and to submit to regular random testing for drug and alcohol use." *Massien* at ¶ 9, citing R.C. 2951.041(D). "If the offender successfully completes the intervention plan, the trial court shall dismiss proceedings against the offender without an adjudication of guilt and may order the sealing of records related to the offense." *Massien* at ¶ 9, citing R.C. 2951.041(E). "If the offender fails to comply with any term or condition imposed as part of the intervention plan,

the court shall enter a finding of guilt and impose the appropriate sanction." *Massien* at ¶ 9, citing R.C. 2951.041(F).

**{¶6}** "R.C. 2951.041(B) lists the criteria that a criminal defendant must meet to be eligible for ILC. 'If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention.'" *Massien* at ¶ 11, quoting *State v. Geraci*, 10th Dist. Franklin No. 04AP-26, 2004-Ohio-6128, ¶ 5.

**{¶7}** Here, the State challenges the trial court's application and interpretation of R.C. 2951.041(B)(1). "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute." *State v. Massien,* 9th Dist. Summit No. 24369, 2009-Ohio-1521, ¶ 5. "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom. If it is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." (Internal quotation and citations omitted.) *Id.* "In determining whether a statute is ambiguous, we objectively and thoroughly examine the statute, consider each provision in context, and apply ordinary rules of grammar." *Ohio Neighborhood Fin., Inc. v. Scott,* 139 Ohio St.3d 536, 2014-Ohio-2440, ¶ 25.

**{¶8}** R.C. 2951.041(B)(1) states:

An offender is eligible for intervention in lieu of conviction if the court finds all of the following:

(1) *The offender* previously has not been convicted of or pleaded guilty to a felony offense of violence or *previously has been convicted of or pleaded guilty to any felony that is not an offense of violence and the prosecuting attorney recommends that the offender be found eligible for participation in intervention in lieu of treatment under this section*, previously has not been through intervention in lieu

of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code or with a misdemeanor.

(Emphasis added.)

{¶9} Specifically, the State takes issue with the trial court's failure to comply with the portion of R.C. 2951.041(B)(1) that has been italicized above. As the State has not challenged any of the other eligibility requirements, the only issue before this Court is whether Ms. Chandler's plea and/or conviction in Medina County in another case affected her eligibility for ILC in the instant matter.

{¶10} At the ILC hearing, the State pointed out that, at the time of the hearing, Ms. Chandler was on community control for a felony drug case from Medina County. The parties seemed to agree that Ms. Chandler had entered a plea and been sentenced in the Medina case at the time of the ILC hearing. Nonetheless, Ms. Chandler's counsel argued that she should still be eligible for ILC, because, at the time Ms. Chandler filed her motion in the instant matter, the Medina case was still pending. The trial court and counsel proceeded to discuss the circumstances under which the State's recommendation became necessary before the trial court could find Ms. Chandler eligible to participate in the ILC program. There was debate about whether the recommendation became necessary only if Ms. Chandler had been sentenced in the Medina case, or if the mere pendency of the Medina case caused the recommendation to be necessary. The trial court concluded that "the limitation language [in R.C. 2951.041(B)(1)] is not applicable in a situation where an individual has not yet been convicted at the time charges are brought against them." Thereafter, the trial court granted the motion, finding that, "[a]lthough [Ms. Chandler] clearly has entered a plea in that other case in Medina County and

been convicted in that regard, * * * the [ILC] statute is still available to her and she does not require on equal protection grounds the consent or approval of the State of Ohio in that regard."

{¶11} We begin by noting that the trial court may have undertaken a constitutional analysis of R.C. 2951.041(B)(1).  Given that neither side raised the issue of the constitutionality of R.C. 2951.041(B)(1), had an opportunity to brief the issue, had notice that the issue would be considered, and that the record does not evidence that resolving this constitutional question was absolutely necessary, we conclude the trial court should not have considered the constitutionality of the section.  *See Ohio Pub. Emp. Retirement Sys. v. Coursen,* 156 Ohio App.3d 403, 2004-Ohio-1229, ¶ 6; *State v. Koller,* 12th Dist. Warren No. CA2013-07-069, 2014-Ohio-450, ¶ 26-27.

{¶12} With respect to the merits of the issue raised by the State, in light of the plain language of R.C. 2951.041(B)(1), we conclude that the trial court could not have found Ms. Chandler eligible for the ILC program absent the State's recommendation.  As noted above, R.C. 2951.041(B)(1) provides that:

> An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
>
> (1) *The offender* previously has not been convicted of or pleaded guilty to a felony offense of violence or *previously has been convicted of or pleaded guilty to any felony that is not an offense of violence and the prosecuting attorney recommends that the offender be found eligible for participation in intervention in lieu of treatment under this section*, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code or with a misdemeanor.

(Emphasis added.)

{¶13} At the time of the ILC hearing, the parties did not dispute that Ms. Chandler had entered a plea and had been sentenced in the Medina case.  There also appears to be no dispute that the conviction in the Medina case was for a felony drug offense.  Accordingly, under the

plain language of the statute, the trial court could only find Ms. Chandler eligible for ILC if the State recommended that she be found eligible. As the State objected to her participation, the trial court erred in determining Ms. Chandler was eligible, and thus, erred in placing her on ILC.

**{¶14}** The State's sole assignment of error is sustained.

### III.

**{¶15}** The judgment of the Lorain County Court of Common Pleas is reversed and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,<br>
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
<u>CONCUR.</u>


<u>APPEARANCES</u>:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

PAUL R. ST. MARIE, Attorney at Law, for Appellee.