[Cite as *State v. Greathouse*, 2016-Ohio-1350.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 15CA0024-M |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KIMBERLY L. GREATHOUSE | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 14CR0570 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2016

MOORE, Judge.

{¶1}   Plaintiff-Appellant the State of Ohio appeals from the entry of the Medina County Court of Common Pleas which determined that Defendant-Appellee Kimberly L. Greathouse was eligible to participate in intervention in lieu of conviction ("ILC").  We reverse.

I.

{¶2}   Ms. Greathouse was indicted on one count of theft of a credit card, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1).  In December 2014, Ms. Greathouse moved for admission into ILC.  An initial hearing was held, at which time the trial court referred Ms. Greathouse to the probation department for an assessment and requested additional briefing.

{¶3}   In February 2015, Ms. Greathouse filed a brief in support of her motion.  There she acknowledged that she previously pleaded guilty to two non-violent felony charges in Summit County and, at the time of the motion, was on ILC for those charges.  She maintained that, even though she had pleaded guilty, she had not been adjudicated guilty in the Summit

County case because, if she successfully completed the ILC program, the charges would be dismissed. Further, she asserted that, because she had not yet completed an ILC program, she had not been "through" an ILC program as contemplated by R.C. 2951.041(B)(1). Therefore, Ms. Greathouse maintained she was eligible for ILC. As evidence, she attached the following documents to her brief: a copy of the order finding her eligible for ILC and accepting her guilty plea in the Summit County case, a copy of her indictment in the Summit County case, and a copy of a letter from a counselor evidencing Ms. Greathouse's participation in ILC.

{¶4} The State filed a motion in opposition to Ms. Greathouse's motion for ILC. The State argued that, due to Ms. Greathouse's prior guilty pleas to non-violent felonies, she was only eligible for ILC if the State recommended her participation and the State would not do so. Subsequently, Ms. Greathouse filed a supplemental brief in support of her motion for ILC and cited to a Second District case.

{¶5} Ultimately, the trial court issued an entry finding Ms. Greathouse eligible for ILC. At a hearing several days later, the State objected to the trial court's eligibility determination and asked that the indictment in the Summit County case and the ILC assessment be made exhibits. Thereafter, the State filed a motion for leave to appeal pursuant to R.C. 2945.67(A) and App.R. 5(C), which this Court granted. The State has raised a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FINDING [MS. GREATHOUSE] ELIGIBLE FOR INTERVENTION IN LIEU OF CONVICTION UNDER R.C. 2951.041(B)(1) WHEN SHE HAS PREVIOUSLY BEEN CONVICTED OF OR PLEADED GUILTY TO A FELONY AND THE STATE DID NOT RECOMMEND THAT [MS. GREATHOUSE] BE FOUND ELIGIBLE FOR PARTICIPATION IN INTERVENTION.

**{¶6}** The State argues in its sole assignment of error that the trial court erred in finding Ms. Greathouse eligible for ILC under R.C. 2951.041(B)(1). We agree.

**{¶7}** "ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense." *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 9, citing R.C. 2951.041(A)(1). "R.C. 2951.041(B) lists the criteria that a criminal defendant must meet to be eligible for ILC. 'If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention.'" *Massien* at ¶ 11, quoting *State v. Geraci*, 10th Dist. Franklin No. 04AP-26, 2004-Ohio-6128, ¶ 5.

**{¶8}** Here, the State challenges the trial court's application and interpretation of R.C. 2951.041(B)(1). "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute." *State v. Chandler,* 9th Dist. Lorain No. 14CA010676, 2016-Ohio-164, ¶ 7, quoting *State v. Massien*, 9th Dist. Summit No. 24369, 2009-Ohio-1521, ¶ 5. "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom. If it is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." (Internal quotation and citations omitted.) *Chandler* at ¶ 7, quoting *Massien,* 2009-Ohio-1521, at ¶ 5. "In determining whether a statute is ambiguous, we objectively and thoroughly examine the statute, consider each provision in context, and apply ordinary rules of grammar." *Chandler* at ¶ 7, quoting *Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, ¶ 25.

{¶9} R.C. 2951.041(B)(1) states in pertinent part:

An offender is eligible for intervention in lieu of conviction if the court finds all of the following:

(1) *The offender* previously has not been convicted of or pleaded guilty to a felony offense of violence or *previously has been convicted of or pleaded guilty to any felony that is not an offense of violence and the prosecuting attorney recommends that the offender be found eligible for participation in intervention in lieu of treatment under this section*, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code or with a misdemeanor.

(Emphasis added.)

{¶10} There appears to be no dispute that Ms. Greathouse previously pleaded guilty to a felony that was not an offense of violence. Thus, the plain language of the statute required that, in order to be eligible, the State had to recommend that Ms. Greathouse participate in ILC. There is also no dispute that the State did not do so.

{¶11} Below, Ms. Greathouse argued that the guilty plea in the Summit County case did not constitute an adjudication of guilt because, if she successfully completed the ILC program in the Summit County case, the charges would be dismissed. *See* R.C. 2951.041(E). Thus, she maintained that she was eligible to participate. We are not persuaded by this argument. The plain language of the statute requires the prosecution's recommendation if the offender has previously "pleaded guilty to" a felony that is not an offense of violence. R.C. 2951.041(B)(1). Ms. Greathouse previously pleaded guilty to a felony that was not an offense of violence. Accordingly, she has not convinced us that she could participate in ILC in this case absent the State's recommendation.

{¶12} We note that the trial court's analysis focused on a different aspect of R.C. 2951.041(B)(1). However, because we conclude that Ms. Greathouse is ineligible for ILC for

the reasons discussed above, and it would be necessary for her to satisfy all of the requirements in order to participate, we need not evaluate the merits of the trial court's reasoning.

{¶13} The State's sole assignment of error is sustained.

III.

{¶14} The judgment of the Medina County Court of Common Pleas is reversed.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellant.

THOMAS REIN, Attorney at Law, for Appellee.