[Cite as *State v. Bracy*, 2016-Ohio-7536.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

v.

TRENTON BRACY

    Appellee

C.A. No.     15CA010788
                15CA010795

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CR088662

DECISION AND JOURNAL ENTRY

Dated: October 31, 2016

CARR, Presiding Judge.

{¶1} Plaintiff-Appellant, the State of Ohio, appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} In December 2013, the Lorain Police Department conducted four controlled buys. During each of the controlled buys, Defendant-Appellee, Trenton Bracy, sold 1 gram of heroin to an informant whom the police had supplied with marked bills. Following the fourth controlled buy, the police executed a search warrant at Bracy's apartment. The search uncovered heroin, large amounts of marijuana, numerous items of paraphernalia, and several stashes of money. With regard to the money, the police found (1) $200 in a kitchen cabinet alongside various items of paraphernalia; (2) $1,080 stuffed into a chair in the master bedroom; (3) $10,720 in a bag concealed in the bathroom ceiling; (4) $103 on the floor of the master bedroom; (5) $99 in the master bedroom closet; and (6) $30 tucked into a camera case.

{¶3} A grand jury indicted Bracy on five counts of trafficking in heroin and one count each of escape, trafficking in marijuana, possession of marijuana, possession of heroin, assault, obstructing official business, possession of criminal tools, and drug paraphernalia offenses. Bracy's counts for trafficking in marijuana and one of his counts for trafficking in heroin also contained two specifications for the forfeiture of his 1997 Crown Victoria and the money that the police found in his apartment. Bracy ultimately agreed to plead guilty to all of the charges, but not the specifications. Consequently, the court set the matter for a bench trial on the specifications.

{¶4} Following the trial on the specifications, the court issued an order. The court ordered the forfeiture of Bracy's 1997 Crown Victoria, as well as the $200 from his kitchen and the $1,080 from his master bedroom chair. Meanwhile, it determined that the $103 from the master bedroom floor, the $99 from the bedroom closet, and the $30 from the camera case were not subject to forfeiture. As for the $10,720 taken from Bracy's bathroom ceiling, the court found that the entire sum was subject to forfeiture, but that a forfeiture of the entire sum would be "disproportionate to the charges for which [Bracy] was found guilty." Instead, the court ordered $1,720 of that sum forfeited for a total cash forfeiture of $3,000. It ordered the remaining $9,232 deposited with the clerk and distributed to Bracy, subject to court costs and supervision fees.

{¶5} On May 15, 2015, the court issued Bracy's sentencing entry. The court sentenced Bracy to two years of community control. It also imposed upon Bracy a mandatory fine of $5,000, but suspended the fine upon its finding that Bracy was indigent. The State filed an appeal from the court's sentencing entry and also sought leave from this Court to appeal from the

trial court's order on the forfeiture specifications. This Court granted the State leave to appeal and ordered the two appeals consolidated.

{¶6} The State's appeal is now before us and raises three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO IMPOSE A MANDATORY FINE PURSUANT TO R.C. 2925.03(D)(1), R.C. 2925.11(E)(1)(a), AND R.C. 2929.18(B)(1) AS A PART OF BRACY'S SENTENCE BECAUSE BRACY FAILED TO FILE AN AFFIDAVIT OF INDIGENCY PRIOR TO SENTENCING.

{¶7} In its first assignment of error, the State argues that the trial court erred by not imposing a mandatory fine upon Bracy. The State argues that a portion of Bracy's sentence is void because, absent a timely filed affidavit of indigency, the court was required to impose the fine upon him. We agree.

{¶8} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} When a court sentences an offender on a drug trafficking charge and the charge is a felony of the third degree, the court must impose a mandatory fine "unless, as specified in

[R.C. 2929.18(B)(1)], the court determines that the offender is indigent." R.C. 2925.03(D)(1).

R.C. 2929.18(B)(1) provides, in relevant part:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

The statute is "clear and unambiguous in requiring that an affidavit of indigency must be 'filed' with the court prior to sentencing * * *." *State v. Gipson*, 80 Ohio St.3d 626, 632 (1998). The Ohio Supreme Court has interpreted the "prior to sentencing" language "to mean that the affidavit must be formally filed with the court prior to the filing of a journal entry reflecting the trial court's sentencing decision." *Id.* Generally, "the act of filing * * * includes the concept of time-stamping." *Id. But see State v. Calhoun*, 8th Dist. Cuyahoga No. 101816, 2015-Ohio-2155, ¶ 12-15, citing *Gipson* at 633, fn.3 (discussing the possibility that an affidavit of indigency might be filed at the sentencing hearing if accepted by the judge and filed pursuant to Civ.R. 5(E)).

{¶10} The record reflects that Bracy completed an affidavit of indigency at his sentencing hearing, but failed to formally file his affidavit with the clerk at that time. Instead, his affidavit was filed contemporaneously with the court's sentencing entry, such that both filings bear the same time stamp. As set forth above, the plain language of R.C. 2929.18(B)(1) requires an affidavit of indigency to be "filed with the court *prior to* the filing of a journal entry reflecting the trial court's sentencing decision." *Gipson* at 632. Because Bracy's affidavit was not time stamped prior to the trial court's sentencing entry, it was not timely filed. *See id.* at 633. Further, because Bracy's affidavit was not timely filed, the court was required to impose upon him the mandatory fine associated with his third-degree felony drug offense. *See* R.C. 2925.03(D)(1). The State's argument that the court erred by failing to impose the fine has merit.

{¶11}  In issuing our decision, we acknowledge that Civ.R. 5(E) permits a trial judge to accept documents for filing.  Indeed, the *Gipson* Court noted in dicta the possibility that a defendant could file his affidavit of indigency directly with the court pursuant to that rule.  *See Gipson* at 633, fn. 3.  Bracy has not, however, referenced Civ.R. 5(E) in responding to the State's argument on appeal.  Moreover, the rule requires a trial court to "note the filing date" on any documents it accepts for filing before transmitting them to the clerk's office.  Civ.R. 5(E).  The trial court here never noted the filing date on Bracy's affidavit of indigency.  The only filing date on the document is the time stamp from the clerk's office.  Accordingly, Civ.R. 5(E) does not apply here.

{¶12}  Because the trial court failed to impose Bracy's mandatory fine, that portion of the court's sentencing entry is void.  *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, syllabus.  Consequently, that portion of the court's entry is vacated, and this matter is remanded for resentencing "limited to the imposition of the mandatory fine."  *Id.*  The State's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO IMPOSE A MANDATORY FINE PURSUANT TO R.C. 2925.03(D)(1), R.C. 2925.11(E)(1)(a), AND R.C. 2929.18(B)(1) AS A PART OF BRACY'S SENTENCE BECAUSE BRACY FAILED TO PROVE HIS FUTURE INABILITY TO PAY A MANDATORY FINE.

{¶13}  In its second assignment of error, the State argues that the trial court abused its discretion when it failed to impose a mandatory fine upon Bracy on the basis of his future inability to pay it.  Based on our resolution of Bracy's first assignment of error, his second assignment of error is moot, and we decline to address it.  *See* App.R. 12(A)(1)(c).

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED WHEN IT FOUND THAT $9,232.00 SEIZED DURING THE EXECUTION OF A SEARCH WARRANT WAS DISPROPORTIONATE TO THE CHARGES THAT BRACY WAS FOUND GUILTY (sic) IN VIOLATION OF R.C. 2981.09.

**{¶14}** In its third assignment of error, the State argues that the trial court erred when, following its proportionality review, it refused to order the forfeiture of $9,232. The State argues that Bracy failed to carry his burden and the trial court failed to consider the appropriate factors on the issue of proportionality. Because we agree that the trial court did not consider the proper factors when conducting its proportionality analysis, we remand for it to apply the correct law in the first instance.

**{¶15}** "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute." *State v. Greathouse*, 9th Dist. Medina No. 15CA0024-M, 2016-Ohio-1350, ¶ 8, quoting *State v. Chandler*, 9th Dist. Lorain No. 14CA010676, 2016-Ohio-164, ¶ 7. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

**{¶16}** An instrumentality is subject to forfeiture if a trial court determines that it was "used in or intended to be used in the commission or facilitation of * * * [a] felony * * *." R.C. 2981.02(A)(3). Even so, "[p]roperty may not be forfeited as an instrumentality * * * to the extent that the amount or value of the property is disproportionate to the severity of the offense." R.C. 2981.09(A). The Revised Code provides that,

> [i]n determining the severity of the offense * * *, the court shall consider all relevant factors including, but not limited to, the following:

(1) The seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;

(2) The extent to which the person whose property is subject to forfeiture participated in the offense;

(3) Whether the offense was completed or attempted.

R.C. 2981.09(C)(1)-(3). "The defendant has the burden to prove, by a preponderance of the evidence, the fact that the value of the instrumentality is disproportionate to the severity of the offense." *State v. Forney*, 2d Dist. Champaign No. 2012-CA-36, 2013-Ohio-3458, ¶ 20, citing R.C. 2981.09(A).

{¶17} For clarification purposes, we briefly outline the relevant testimony and evidence that emerged during the trial on Bracy's forfeiture specifications. Detective Timothy Thompson testified that the police conducted several controlled buys in December 2013, during which their informant purchased heroin from Bracy. Specifically, the informant purchased from Bracy: (1) 1 gram of heroin for $120 on December 5th; (2) 1 gram of heroin for $120 on December 10th; (3) 1 gram of heroin for $120 on December 12th; and (4) 1 gram of heroin for $145 on December 19th. On December 20th, the police executed a warrant at Bracy's apartment and seized, among other items, heroin, marijuana, scales, blenders, baggies, and money. Detective Thompson testified that the police found the money hidden throughout the apartment. Relevant to this appeal, they found: (1) $200 in a kitchen cabinet alongside various items of paraphernalia; (2) $1,080 stuffed into a chair in the master bedroom; and (3) $10,720 in a bag concealed in the bathroom ceiling. The bag with the $10,720 also contained 434 grams of marijuana. Detective Thompson testified that the police found a total of 1,552.5 grams of marijuana in the apartment.

{¶18} The trial court found that all of the aforementioned money was subject to forfeiture. With regard to the money from the bathroom ceiling, however, the court declined to

order the forfeiture of the entire $10,720. Following a proportionality review, the court only ordered the forfeiture of $1,720 of that money. The court ordered the remaining $9,000 deposited with the clerk and returned to Bracy after his court costs and supervision fees were paid from the deposit. According to the State, the court erred in its proportionality review because it incorrectly focused on the value of the heroin that Bracy sold during the controlled buys rather than the severity of his offenses.

{¶19} Initially, we note that, in several places in its brief, the State mistakenly refers to the amount at issue in this assignment of error as $9,232. This assignment of error only concerns the $9,000 discussed above, however, because the additional $232 that the court declined to forfeit came from other spots in Bracy's apartment. The court did not conduct a proportionality analysis with regard to those funds because it determined that they were not subject to forfeiture as instrumentalities. The State has not separately assigned as error that the court erred when it concluded that the $232 was not subject to forfeiture. Rather, its third assignment of error is limited to challenging the court's proportionality analysis. Because the court's proportionality analysis concerned only the $10,720 from Bracy's bathroom ceiling, we limit our review to its decision not to order the forfeiture of $9,000 of that amount.

{¶20} Bracy argued that a forfeiture of the entire $10,720 taken from his bathroom ceiling would be disproportionate to his crimes because he only sold a few hundred dollars' worth of heroin. He did not present any additional evidence regarding the severity of his offenses, *see Forney*, *supra*, but the trial court ultimately agreed that a forfeiture of the entire $10,720 would be excessive. Specifically, it found that a forfeiture of the entire $10,720 "would be disproportionate to the charges in this case and the convictions in this case." The court

reasoned that Bracy's trafficking offenses "occurred over a very tight time period" and involved "relatively small purchases." Consequently, it limited the forfeiture to $1,720.

**{¶21}** Upon review, we must conclude that the trial court failed to apply the correct statutory factors when conducting its proportionality analysis. The court determined that a forfeiture of the entire $10,720 at issue here would be disproportionate to Bracy's charges, as they occurred over a brief time span and involved a relatively small sum of money. Yet, "[i]n order for the trial court to deny forfeiture, the forfeiture must be disproportionate to *the severity of the offense*, not to the value of the contraband." (Emphasis sic.) *State v. Maxie*, 3d Dist. Marion No. 9-13-73, 2015-Ohio-816, ¶ 45. Even a less than profitable crime can be severe in nature. *See id. See also State v. Adams*, 11th Dist. Ashtabula No. 2012-A-0025, 2013-Ohio-1603, ¶ 68-69 (low-level sale of heroin on three occasions justified forfeiture of house given nature of heroin and the fact that defendant was conducting an ongoing drug operation out of the home). To determine the severity of Bracy's offenses, the trial court had to consider the seriousness of his offenses, their impact on the community, the duration of the activity, the harm caused or intended by Bracy, the extent to which he participated in the offenses, and whether the offenses were completed or attempted. R.C. 2981.09(C)(1)-(3). The trial court, however, gave no indication that it considered the foregoing factors in its proportionality analysis. Consequently, we must reverse the court's forfeiture order and remand this matter for the court to apply the correct statutory factors in the first instance. *See Stow v. S.B.*, 9th Dist. Summit No. 27429, 2015-Ohio-4473, ¶ 15. The State's third assignment of error is sustained on that basis.

### III.

**{¶22}** The State's first and third assignments of error are sustained. Its second assignment of error is moot, and we decline to address it. The judgment of the Lorain County

Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT


MOORE, J.
CANNON, J.
CONCUR

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

STEPHEN P. HANUDEL, Attorney at Law, for Appellee.