[Cite as *State v. Bracy*, 2018-Ohio-1977.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

TRENTON BRACY

    Appellant

C.A. No.     17CA011202

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CR088662

DECISION AND JOURNAL ENTRY

Dated: May 21, 2018

SCHAFER, Presiding Judge.

{¶1}    Defendant-Appellant, Trenton Bracy, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}    This Court previously set forth the factual and procedural history in this matter as follows:

> In December 2013, the Lorain Police Department conducted four controlled buys. During each of the controlled buys, [Bracy] sold 1 gram of heroin to an informant whom the police had supplied with marked bills. Following the fourth controlled buy, the police executed a search warrant at Bracy's apartment. The search uncovered heroin, large amounts of marijuana, numerous items of paraphernalia, and several stashes of money. With regard to the money, the police found (1) $200 in a kitchen cabinet alongside various items of paraphernalia; (2) $1,080 stuffed into a chair in the master bedroom; (3) $10,720 in a bag concealed in the bathroom ceiling; (4) $103 on the floor of the master bedroom; (5) $99 in the master bedroom closet; and (6) $30 tucked into a camera case.
>
> A grand jury indicted Bracy on five counts of trafficking in heroin and one count each of escape, trafficking in marijuana, possession of marijuana, possession of heroin, assault, obstructing official business, possession of criminal tools, and drug paraphernalia offenses. Bracy's counts for trafficking in marijuana and one

of his counts for trafficking in heroin also contained two specifications for the forfeiture of his 1997 Crown Victoria and the money that the police found in his apartment. Bracy ultimately agreed to plead guilty to all of the charges, but not the specifications. Consequently, the court set the matter for a bench trial on the specifications.

Following the trial on the specifications, the court issued an order. The court ordered the forfeiture of Bracy's 1997 Crown Victoria, as well as the $200 from his kitchen and the $1,080 from his master bedroom chair. Meanwhile, it determined that the $103 from the master bedroom floor, the $99 from the bedroom closet, and the $30 from the camera case were not subject to forfeiture. As for the $10,720 taken from Bracy's bathroom ceiling, the court found that the entire sum was subject to forfeiture, but that a forfeiture of the entire sum would be "disproportionate to the charges for which [Bracy] was found guilty." Instead, the court ordered $1,720 of that sum forfeited for a total cash forfeiture of $3,000. It ordered the remaining $9,232 deposited with the clerk and distributed to Bracy, subject to court costs and supervision fees.

*State v. Bracy*, 9th Dist. Lorain Nos. 15CA010788 & 15CA010795, 2016-Ohio-7536, ¶ 2-4.

{¶3} After the trial court sentenced Bracy, the State sought leave to appeal from its order on the forfeiture specifications.[1] Specifically, the State sought to challenge the court's determination that a forfeiture of the entire $10,720 found in Bracy's bathroom ceiling would be disproportionate to the severity of his offenses. This Court granted the State's motion for leave and ultimately reversed the trial court's decision. *See id.* at ¶ 14-21. We determined that, in conducting its proportionality analysis, the trial court had failed to consider the proper statutory factors. *Id.* at ¶ 21. Accordingly, we remanded the matter for the court "to apply the correct statutory factors in the first instance." *Id.*

{¶4} On remand, the trial court held a brief hearing at which the State and defense counsel presented arguments on the applicable statutory factors. The court took the matter under advisement and issued a written decision several months later. By the time the court issued its

---

[1] The State also appealed from the court's decision to suspend Bracy's mandatory fine. *See Bracy*, 2016-Ohio-7536, at ¶ 7-12. Because the fine is not at issue in this appeal, we decline to address it.

decision, Substitute House Bill 347 had taken effect, resulting in several amendments to the forfeiture statutes. *See* 2015 Am.Sub.H.B. No. 347. Noting the change in the law, the trial court determined that a forfeiture of the entire $10,720 found in Bracy's bathroom ceiling would be proportionate to the severity of his offenses. Consequently, it ordered those funds forfeited.

{¶5}  Bracy now appeals from the trial court's forfeiture order and raises a single assignment of error for our review.

II.

## Assignment of Error

**The trial court erred by ordering the forfeiture of all of the $9,720.00 cash found in a bag in the ceiling based on proportionality to Bracy's offenses.**

{¶6}  In his sole assignment of error, Bracy argues that the trial court erred when it ordered the forfeiture of money the police located in his bathroom ceiling. He argues that, in conducting its analysis, the court failed to consider and apply the factors set forth in the amended and newly enacted version of the proportionality statute. We do not agree.

{¶7}  "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute." *State v. Greathouse*, 9th Dist. Medina No. 15CA0024-M, 2016-Ohio-1350, ¶ 8, quoting *State v. Chandler*, 9th Dist. Lorain No. 14CA010676, 2016-Ohio-164, ¶ 7. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶8}  If a person pleads guilty to or is convicted of a criminal offense that includes a forfeiture specification, "the trier of fact shall determine whether the person's property shall be forfeited." R.C. 2981.04(B). The Revised Code provides for the forfeiture of three distinct categories of property: contraband, proceeds, and instrumentalities that are "used in or intended

to be used in the commission of [certain designated offenses] * * *." R.C. 2981.02(A)(1)-(3). The State bears the burden of proving "by clear and convincing evidence that [] property is in whole or part subject to forfeiture * * *." R.C. 2981.04(B). If it carries its burden and the property at issue is an instrumentality, the trial court then must conduct a proportionality review. *See* R.C. 2981.09(A).

{¶9} "Property may not be forfeited as an instrumentality * * * to the extent that [its] amount or value * * * is disproportionate to the severity of the offense." *Id.*

> In determining the severity of the offense * * *, the court shall consider all relevant factors including, but not limited to, the following:
>
> (1) The seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;
>
> (2) The extent to which the person whose property is subject to forfeiture participated in the offense;
>
> (3) Whether the offense was completed or attempted;
>
> (4) The extent to which the property was used in committing the offense;
>
> (5) The sentence imposed for committing the offense that is the basis of the forfeiture, if applicable.

R.C. 2981.09(C)(1)-(5). The State bears the burden of proving "by clear and convincing evidence that the amount or value of the property subject to forfeiture is proportionate to the severity of the offense." R.C. 2981.09(A).

{¶10} Bracy argues that, in conducting its proportionality review, the trial court failed to consider all the statutory factors set forth in R.C. 2981.09(C)(1)-(5). The prior version of the statute only set forth three factors, with factors R.C. 2981.09(C)(4) and (C)(5) emerging as a result of the most recent amendments to the statute. *Compare* Former R.C. 2981.09(C)(1)-(3) *with* R.C. 2981.09(C)(1)-(5). Bracy notes that the court never discussed (1) the extent to which

he used his funds in the commission of his offenses, or (2) the fact that he was only sentenced to community control. *See* R.C. 2981.09(C)(4) and (C)(5). Though he concedes that the factors set forth in R.C. 2981.09(C)(2) and (C)(3) "work against him," he argues that his offenses were of a short duration and there was no evidence that they caused anyone direct harm. He asks this Court to remand this matter for the trial court to "duly consider" all the factors contained in R.C. 2981.09(C)(1)-(5) in light of the evidence introduced at the forfeiture hearing.

{¶11} Initially, we note that Bracy only takes issue with a portion of the court's forfeiture order. According to Bracy, the police found two separate bags in his bathroom ceiling: (1) one bag containing $1,000 in cash and a large quantity of marijuana, and (2) one bag containing $9,720 in cash. His argument only pertains to the $9,720 because he concedes that the $1,000 "was attributable to drug offenses" and properly forfeited. As the State notes on appeal, however, the testimony at the forfeiture hearing was that the police found one bag in Bracy's bathroom ceiling containing $10,720 and 434 grams of marijuana. The officer who testified explained that officers initially miscounted the money (believing it to be $9,720), but later recounted it and arrived at the $10,720 figure. The officer also confirmed that $60 of that money matched the marked bills the police used during one of their controlled buys with Bracy. Bracy did not file a reply brief so as to address the foregoing testimony or explain its impact upon his concession that the money found in the bag with the marijuana was properly forfeited. With that in mind, we turn to his argument that the trial court failed to consider and apply the factors contained in R.C. 2981.09(C)(1)-(5).

{¶12} In its forfeiture order, the trial court specifically noted the change in the law that had occurred with the enactment of Substitute House Bill 347. It also noted that, in reaching its decision, it had applied the new version of the proportionality statute. The court found that

Bracy had been convicted of "significant" drug offenses, particularly "considering the effect heroin has had on the criminal justice and medical systems in Ohio." It also found that the secreted location of Bracy's $10,720, in conjunction with the marijuana found alongside it, "refute[d] [his] arguments that these were not ill-gotten gains." The court noted that Bracy faced potential fines of more than $40,000 for his offenses. It ultimately concluded that the forfeiture of the entire $10,720 was appropriate, "[c]onsidering the severity of the offenses and the number of drug trafficking offenses, the impact Trafficking in Heroin has on the community, the harm intended by the sale of the additional drugs found in [Bracy's] possession, and the fact that no other person was charged for the crimes * * *."

{¶13} Upon review, we reject Bracy's argument that the court failed to consider and apply the factors outlined in R.C. 2981.09(C)(1)-(5). Notably, the proportionality statute only requires trial courts to *consider* the factors outlined in subsection (C). *See* R.C. 2981.09(C). It does not impose upon them a duty to make express findings on those factors, and Bracy has not offered any other authority to that effect. *See* App.R. 16(A)(7). When examining similarly worded statutes, this Court generally has presumed that trial courts have considered mandatory statutory factors in the absence of evidence to the contrary. *See, e.g., State v. Ford*, 9th Dist. Summit No. 28504, 2017-Ohio-9294, ¶ 15; *In re A.P.*, 9th Dist. Lorain No. 17CA011132, 2017-Ohio-8926, ¶ 11-12; *State v. Goudy*, 9th Dist. Wayne No. 16AP0020, 2017-Ohio-7306, ¶ 16. Bracy has not offered us any reason to employ a different approach in cases involving the proportionality statute. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998). ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out."). Accordingly, we will affirm the court's forfeiture order so long as it is evident from the record that it considered

the mandatory statutory factors. Because the record supports the conclusion that the court considered those factors, Bracy's sole assignment of error is overruled.

                                    III.

{¶14}  Bracy's sole assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NICHOLAS BONAMINIO, Assistant Prosecuting Attorney, for Appellee.