[Cite as *State v. Leon*, 2024-Ohio-1724.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 2023CA0069-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERTO A. LEON | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 23CR0085 |

DECISION AND JOURNAL ENTRY

Dated: May 6, 2024

FLAGG LANZINGER, Judge.

{¶1} Defendant-Appellant Roberto Leon appeals the judgment of the Medina County Court of Common Pleas denying his motion for intervention in lieu of conviction ("IILC") and request for hearing. This Court affirms.

I.

{¶2} On February 1, 2023, a grand jury indicted Leon with one count of failure to comply with an order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B). R.C. 2921.331(C)(5)(a)(ii). Leon pleaded not guilty.

{¶3} Leon filed a motion for IILC and requested a hearing. The trial court denied the motion on the grounds that a felony of the third degree is statutorily ineligible for IILC under R.C. 2951.041(B)(2). Leon changed his plea to no contest to one count of failure to comply with an order or signal of an officer, a felony of the third degree. Leon now appeals, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SUMMARILY DENYING APPELLANT'S MOTION FOR INTERVENTION, AND NOT HOLDING A FULL HEARING ON APPELLANT'S MOTION, BASED ON ITS FINDING THAT THE DEGREE OF THE CHARGE, AS CHARGED (I.E., THIRD DEGREE FELONY), IN AND OF ITSELF, PRECLUDED ELIGIBILITY FOR [IILC] UNDER O.R.C. § 2925.041.**

{¶4}     In his sole assignment of error, Leon argues that the trial court erred when it denied his motion for IILC. Leon argues that the trial court erred when it found that he was ineligible for intervention in lieu of conviction because he was charged with a felony of the third degree. Leon asserts that the trial court should have considered IILC and held a hearing on Leon's eligibility for IILC because failure to comply with an order or signal of a police officer has lower forms of the offense. We disagree.

{¶5}     "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute." *State v. Chandler*, 9th Dist. Lorain No. 14CA010676, 2016-Ohio-164, ¶ 7, quoting *State v. Massien*, 9th Dist. Summit No. 24369, 2009-Ohio-1521, ¶ 5. "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." (Alteration sic.) *Id.*

{¶6}     Defendants charged with a felony of the third degree are unambiguously precluded from participating in IILC. R.C. 2951.041(A) states, in relevant part, "[i]f an offender is *charged* with a criminal offense * * * and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense * * * the court may accept, prior to the entry of a guilty plea, the offender's request for [IILC]." (Emphasis added.) R.C. 2951.041(B) states, in

relevant part, "[a]n offender is eligible for [IILC] if the court finds all of the following: * * * (2) [t]he offense is not a felony of the first, second, or *third degree*." (Emphasis added.)

{¶7}    In light of the plain language of R.C. 2951.041, Leon was not eligible for IILC. The language of the statute states that the court must consider the crime with which the offender is charged. A grand jury indicted Leon with one count of failure to comply with an order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B). R.C. 2921.331(C)(5)(a)(ii).  Because Leon was charged with a third-degree felony, the trial court had no obligation to hold a hearing to consider Leon's eligibility for IILC. The trial court did not err in denying Leon's motion for IILC.

{¶8}    Accordingly, Leon's sole assignment of error is overruled.

### III.

{¶9}    Leon's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MARK S. O'BRIEN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.